■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANCIS GEORGE MOONEY, Appellant.— Application denied.

■ In the Matter of the Claim of EDMUND V. PICCIOTTI, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— Application for assignment of counsel denied.

## FOURTH DEPARTMENT, JANUARY, 1963

### (January 10, 1963)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JACOB WISSENFELD, Appellant, v. WALTER H. WILKINS, as Warden of Attica Prison, Respondent.— Order unanimously affirmed, without costs of this appeal to either party. (Appeal from order of Wyoming County Court dismissing a writ of habeas corpus and remanding the relator to the custody of the Warden of Attica Prison.) Present— Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.

■ In the Matter of DELMAS A. COSTELLO, Doing Business as HOTEL COSTELLO, Respondent, v. NEW YORK STATE LIQUOR AUTHORITY, Appellant. (Proceeding No. 2.) — Determination unanimously annulled, without costs, and matter remitted to New York State Liquor Authority for a hearing in accordance with the memorandum. That portion of the order appealed from which directs the issuance of a renewal license reversed, without costs. Memorandum: In view of our decision in *Matter of Costello* v. *New York State Liq. Auth.* (17 A D 2d 547), directing a hearing in the revocation proceeding, the application for a renewal of petitioner's license should be reviewed and reconsidered in the light of said direction. That portion of the order which is appealed from by the State Liquor Authority, and which directs the issuance of a renewal license, should be reversed. (*Matter of Monachino* v. *New York State Liq. Auth.*, 6 A D 2d 1023; *Matter of Amigone v. New York State Liq. Auth.*, 12 A D 2d 993; *Matter of Singer* v. *New York State Liq. Auth.*, 12 A D 2d 994; *Matter of Glaser* v. *Epstein*, 13 A D 2d 717.) (Review of determination of State Liquor Authority refusing to renew restaurant liquor license, transferred to Appellate Division for disposition by order of Erie Special Term; also appeal by State Liquor Authority from that part of the same order which directs the issuance of a renewal license pending final determination by Appellate Division.) Present— Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.

■ In the Matter of JOHN GUERRA, Respondent, v. NEW YORK STATE LIQUOR AUTHORITY, Appellant.— Order unanimously reversed and determination of appellant annulled, with $50 costs and disbursements to petitioner, and matter remitted to the State Liquor Authority for further proceedings in accordance with the memorandum. Memorandum: Special Term had no jurisdiction to decide this matter in the first instance and had no authority to direct the return of petitioner's license (*Matter of Amigone* v. *New York State Liq. Auth.*, 12 A D 2d 993; *Matter of Singer* v. *New York State Liq. Auth.*, 12 A D 2d 994; *Matter of Glaser* v. *Epstein*, 13 A D 2d 717). The matter should have been transferred to this court. The administrative proceedings taken herein by appellant are substantially identical with those pursued by the Authority and reviewed in *Matter of Costello* v. *State Liq. Auth.* (17 A D 2d 547). The matter is remitted to appellant for further proceedings in accordance with the opinion in the first *Costello* case (*supra*). (Appeal from order of Erie Special Term annulling a determination of respondent canceling petitioner's restaurant liquor license with full bond penalty.) Present— Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.